IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LESTER D. THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-3209-JWL |
| | ) |
| CARL A. BIELER, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the court on the request of the pro se plaintiff, Lester D. Thomas, for appointment of counsel **(doc. 42)**. The court deems it unnecessary to await a response by the defendant, Carl A. Bieler. For the reasons set forth below, plaintiff's motion is denied.

Plaintiff is currently incarcerated at the El Dorado Correctional Facility, El Dorado, Kansas. Plaintiff originally requested appointment of counsel by letter dated May 29, 2007 (doc. 21) and then again, on June 28, 2007, by motion (doc. 23). On June 26, 2007, the court denied plaintiff's first request (doc. 22), finding appointment was not warranted at that time, but after defendant had been served, the court would reexamine his request. On June 29, 2007, the court denied plaintiff's second request (doc. 24).[1] Plaintiff's third request was contained in a letter dated September 5, 2007 in which plaintiff also raised various other

---

[1] The court believes that plaintiff's second request most likely was filed prior to him receiving the order denying his first request.

matters (doc. 29). The court denied plaintiff's third request on September 10, 2007 (doc. 30). Plaintiff's fourth request is contained in a letter dated March 10, 2008 in which plaintiff also provided his telephone number for the April 22, 2008 telephone scheduling conference (doc. 42).

In civil actions, such as this one, the court may appoint counsel "in such circumstances as the court may deem just," but there is no constitutional right to appointed counsel.[2] The decision whether to appoint counsel lies solely in the court's discretion, which should be based on a determination that the circumstances are such that justice requires appointment of counsel.[3] The court should consider the plaintiff's financial ability to retain counsel, efforts taken by plaintiff to obtain counsel, the merits of plaintiff's claim, and plaintiff's capacity to prepare and present the case without the aid of counsel.[4]

Although it appears plaintiff may not financially be able to pay an attorney to handle his case on an hourly rate basis, plaintiff has failed to make an adequate showing he has made a diligent effort to obtain counsel. The court recognizes plaintiff is incarcerated, however, "plaintiff must [still] demonstrate that he or she has made a 'reasonably diligent effort under the circumstances to obtain counsel.'"[5] There are numerous attorneys in the

---

[2] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[3] *Id.*

[4] *Id.*

[5] *Id.* at 1422 (quoting *Bradshaw v. Zoological Soc'y*, 662 F.2d 1301, 1319 (9th Cir. 1981)).

Kansas City area that handle cases such as this one, and provided the cases are perceived to have merit, counsel typically agree to handle them on a contingency fee basis. If plaintiff has not previously contacted the Lawyer Referral Service to obtain names of attorneys in the Kansas City area, both Missouri and Kansas attorneys, who handle cases such as this one, the court encourages plaintiff to do so. The address and telephone number of the Lawyer Referral Service is as follows: 200 N. Broadway, Suite 500, Wichita, Kansas 67202, 1-800-928-3111.

The court also finds that plaintiff's claims do not involve complicated facts. The court is confident plaintiff is capable of preparing and presenting his case pro se and the district court judge will be able to discern the applicable law. Accordingly, plaintiff's request for appointment of counsel is denied. Should the court later determine that justice requires plaintiff be appointed counsel, the court will appoint counsel at that time.

IT IS SO ORDERED.

Copies of this order shall be served electronically on counsel of record, and on the pro se plaintiff by regular and certified mail.

Dated this 13th day of March, 2008, at Kansas City, Kansas.

                                              s/ James P. O'Hara
                                              James P. O'Hara
                                              U.S. Magistrate Judge