UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**LESTER D. THOMAS,**

      **Plaintiff,**

      v.                                        Case No. 06-03209-JWL

**CARL A. BIELER,**

      **Defendant.**

_____

**MEMORANDUM AND ORDER**

On July 27, 2006, Lester Thomas brought this action asserting constitutional claims under 42 U.S.C. § 1983 against former correctional officer Carl Bieler and Warden Ray Roberts of the El Dorado Correctional Facility, the latter of whom the court previously dismissed from the action. In Count One, Mr. Thomas alleges that Mr. Bieler threw a chair at him, with malice and intent to cause pain, injury, and in violation of his Eighth Amendment rights. (doc. # 1, at 6) In Count Two, he alleges that his due process rights were violated by the same incident. (doc. #1, at 7) Three motions currently are pending before the court: Mr. Bieler's Motion for Judgment on the Pleadings (doc. # 37), Mr. Bieler's Motion for Summary Judgment (doc. # 45), and Mr. Thomas's Motion for Dismissal of [his own] Due Process Claim (doc. # 48). The Court grants in part and denies in part Mr. Bieler's Motion for Judgment on the Pleadings, denies Mr. Thomas's Motion to Dismiss as moot, and grants Mr. Bieler's Motion for Summary Judgment.

## DISCUSSION

I.  **Motion for Judgment on the Pleadings and Plaintiff's Motion to Dismiss**

   **A.  Standard**

A motion for judgment on the pleadings under Rule 12(c) is analyzed utilizing the same standard that applies to a Rule 12(b)(6) motion. *Park Univ. Enterprises, Inc. v. American Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006). The court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007), or when an issue of law is dispositive. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic*, 127 S. Ct. at 1964-65. The court must accept the facts alleged in the complaint as true, even if doubtful in fact, *id.* at 1965, and view all reasonable inferences from those facts in favor of the plaintiff, *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. at 1965 (citations omitted). The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

   **B.  Analysis**

Mr. Bieler first argues in his Motion for Judgment on the Pleadings that the court should enter judgment in his favor on Count Two, which is based on an alleged violation of Mr. Thomas's due process rights, because Mr. Thomas failed to allege any facts that indicate Mr. Thomas's due process rights were violated.  Mr. Thomas concedes that the claim alleging a violation of his due process rights does not apply to the facts of this case in his Motion for Dismissal of [his own] Due Process Claim.  The Court, therefore, grants in part Mr. Bieler's Motion for Judgment on the Pleadings as to the due process count of Mr. Thomas's complaint, and denies Mr. Thomas's Motion to Dismiss as moot although relevant to the court's decision on the Motion for Judgment on the Pleadings.

The remaining issue, then, is whether this court should enter judgment on Mr. Thomas's claim based on a violation of his Eighth Amendment rights, Count One of his complaint.  Mr. Bieler claims that because Mr. Thomas did not specify that he was suing him in his individual capacity, the court should construe Mr. Thomas's lawsuit as one against Mr. Bieler in his official capacity only.  Because he is entitled to Eleventh Amendment immunity in his official capacity, Mr. Bieler alleges, the court should enter judgment in his favor on that count.  The court disagrees.

"In *Pride v. Does*, 997 F.2d 712 (10th Cir. 1993), the Tenth Circuit addressed the issue concerning in what capacity a state official is being sued when the § 1983 plaintiff fails to expressly indicate." *Zinn v. Prison Health Servs.*, 1996 U.S. Dist. LEXIS 9603, 1996 WL 377084 (D. Kan. June 27, 1996).

> In discerning whether a lawsuit is against a defendant personally or in his official capacity, the caption may be informative but clearly is not dispositive. Rather, the Supreme Court has stated that 'in many cases, the

3

complaint will not clearly specify whether officials are sued personally, in their official capacity, or both. 'The course of proceedings' in such cases typically will indicate the nature of the liability sought to be imposed.' *Kentucky v. Graham*, 473 U.S. 159, 167 n.14, 87 L. Ed. 2d 114, 105 S. Ct. 3099 (1985) (quoting *Brandon v. Holt*, 469 U.S. 464, 469, 83 L. Ed. 2d 878, 105 S. Ct. 873 (1985)). Thus, where the complaint fails to specify the capacity in which the government official is sued, we look to the substance of the pleadings and the course of the proceedings in order to determine whether the suit is for individual or official liability. *See Houston v. Reich*, 932 F.2d 883, 885 (10th Cir. 1991); *see also Price v. Akaka*, 928 F.2d 824, 828 (9th Cir. 1990), *cert. denied*, 502 U.S. 967, 112 S. Ct. 436, 116 L. Ed. 2d 455 (1991); *Shabazz v. Coughlin*, 852 F.2d 697, 700 (2d Cir. 1988); *Shockley v. Jones*, 823 F.2d 1068, 1071 (7th Cir. 1987).

*Pride*, 997 F.2d at 715.

Although Mr. Thomas failed to state that he was suing Mr. Bieler in his individual capacity, it is clear from the pleadings and the course of litigation that Mr. Thomas was doing so. First, Mr. Thomas set forth on page six of his Complaint that his rights had been violated by the individuals "in each said individual capacity." (doc. # 1, at 6). Second, he also "sued [Mr. Bieler] for punitive damages, which are not available against the state or state officials acting in their official capacity." *Zinn*, 1996 WL 377084, at *1 (citing *Pride*, 997 F.2d at 714); (doc. # 1, at 10). Third, Mr. Bieler asserted in his answer that he "is entitled to qualified immunity for all actions taken in his personal/individual capacities," which also indicates he believes he is being sued in his individual capacity. *See Zinn*, 1996 WL 377084, at *1 (citing *Pride*, 997 F.2d at 715-16); (doc. # 36, at 5). "Because the pleadings and the course of the proceedings clearly indicate that the plaintiff is suing Defendant [Bieler] in his individual capacity," the court denies in part the defendant's motion on this basis. *See Zinn*, 1996 WL 377084, at *1.

II.   **Motion for Summary Judgment**

### A. Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006). An issue of fact is "genuine" if "the evidence allows a reasonable jury to resolve the issue either way." *Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006). A fact is "material" when "it is essential to the proper disposition of the claim." *Id*.

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Id.* (citing *Celotex*, 477 U.S. at 325).

If the movant carries this initial burden, the nonmovant may not simply rest upon his or her pleadings but must "bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which he or she carries the burden of proof." *Garrison v. Gambro*, Inc., 428 F.3d 933, 935 (10th Cir. 2005). To accomplish this,

5

sufficient evidence pertinent to the material issue "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 675 (10th Cir. 2002).

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

### B.  Material Facts

Mr. Thomas is a prisoner in custody at the El Dorado Correctional Facility ("EDCF"). Mr. Thomas alleges in this federal case that on March 4, 2005, Officer Carl Bieler, a former correctional officer at the EDCF, threw a metal chair at him, violating his Eighth Amendment rights. Mr. Thomas filed a grievance with his unit team leader at EDCF on April 5, 2005, relating to this incident and stating that he had previously filed a grievance with the team leader on March 10, 2005. The unit team leader provided a response with which Mr. Thomas was not satisfied. Mr. Thomas appealed the April 5, 2005, grievance to Warden Ray Roberts on April 6, 2005. On April 8, 2005, Warden Roberts issued a written opinion upholding the decision of the unit team leader for that grievance, which Mr. Thomas acknowledged receiving on April 12, 2005. Ms. Greenwald, the Senior Administrative Assistant at EDCF, is responsible for processing paperwork related to grievances at the prison. She does not have any response from the Secretary of Corrections that would verify that Mr. Thomas appealed the warden's decision to the Secretary of Corrections.

Mr. Thomas filed the complaint in this federal court on July 27, 2006. In the complaint he checked "yes" to the statement "I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of. . .". He explained that "[a] grievance was filed and response was answered," referencing the attached exhibit copies of the grievance he filed, the response from the unit team leader, and the response from the appeal to the warden. He then stated that the "Administrative could not bring a resolution <u>because of the pending litigation</u> in Criminal Court. . . And therefore they could not further speak or answer or meet any formal relief at the Administrative level." He did not mention the Secretary of Corrections or any appeal ever filed with the Secretary of Corrections.

On August 2, 2006, United States District Court Judge Sam Crow, who was previously assigned to this case, issued an order for Mr. Thomas to supplement the record because "[i]t does not appear the plaintiff fully exhausted the administrative remedy procedure before commencing this action, as plaintiff has not provided a copy or summary of a grievance presented to the Secretary of Corrections." Two days later on August 4, 2006, Mr. Thomas filed an appeal with the Secretary of Corrections concerning the March 4, 2005 incident, and stated that he had previously sent an appeal on April 11, 2005, for which he never received a response. On August 10, 2006, Mr. Thomas filed a response to the Order to Show Cause stating again that he had previously filed an appeal to the Secretary of Corrections on April 11, 2005, and that he has "been waiting and inquiring about [his] grievance appeal response . . . [for] over the 20 working days timeframe." He also acknowledged that he sent "a second grievance appeal" to the

7

Secretary of Corrections on August 4, 2006. On August 15, 2006, Secretary of Corrections Designee William Cummings sent a response to Mr. Thomas stating that there was no evidence that Mr. Thomas ever previously appealed the warden's response and that the August 4, 2006, appeal was rejected because it was not filed in a timely manner.

Mr. Bieler filed a Motion for Summary Judgment on April 4, 2008, arguing that Mr. Thomas's suit is barred because he failed to exhaust all available administrative remedies, namely that he did not file an appeal with the Secretary of Corrections prior to commencing this civil suit. Attached to the Motion is an affidavit from Ms. Greenwald stating that she has no evidence that Mr. Thomas ever filed an appeal with the Secretary of Corrections even though in the normal course of business she is provided copies of the Secretary of Corrections' appeal responses. Also attached are Mr. Cummings's affidavit and official declination letter of the August 4, 2006, appeal, which state there is no evidence that Mr. Thomas ever appealed the warden's response or that Mr. Thomas ever followed up on an appeal that he claims to have filed in April 2005. Mr. Thomas filed a memorandum in response to the motion for summary judgment, alleging that he did file an appeal on April 11, 2005, but that the Secretary of Corrections did not respond; he did not provide any affidavits or exhibits to support his claim.

### C. Analysis

The PRLA states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other

8

correctional facility until such administrative remedies as are available are exhausted."

42 U.S. C. § 1997e(a).

> The grievance procedure for Kansas state prisoners is established through administrative regulations. *See* Kan. Admin. Regs. §§ 44-15-101-106. Section 44-15-102 creates a three-step process which requires a prisoner to "first seek information, advice, or help on any matter from [his] unit team." *Id.* § 44-15-102(a)(1) . If the prisoner is not satisfied with step one, he may submit "an inmate grievance report form . . . to a staff member for transmittal to the warden." *Id.* § 44-15-102(b). Finally, if the prisoner remains unsatisfied with the warden's resolution of his grievance, he may appeal the matter to the secretary of corrections "by indicating on the grievance appeal form exactly what [he] is displeased with and what action [he] believes the secretary should take." *Id.* § 44-15-102(c)(1).

*Ross v. Donley*, 2008 WL 640765, *2 (D. Kan. Mar. 6, 2008) (alterations in original). "Proper exhaustion" of these administrative remedies is required by the PLRA, and that "requirement [is] not satisfied when grievances [a]re dismissed because prisoners . . . miss[ ] deadlines set by the grievance policy." *Jones v. Bock*, 549 U.S. 199, 922 (2007).

Defendant Bieler has provided summary judgment evidence in the form of affidavits and exhibits from both a prison official and a designee of the Secretary of Corrections showing that Mr. Thomas did not appeal the warden's decision to the Secretary of Corrections, so he did not exhaust his administrative remedies prior to filing this suit on July 27, 2006. This evidence is sufficient, unless controverted, to warrant a judgment in favor of Mr. Bieler. *See Stone v. Albert*, 257 Fed. Appx. 96, 100, 2007 WL 4230702, *3 (10th Cir. Dec. 3, 2007) (finding that an affidavit from the prison records custodian stating that the plaintiff had not filed any grievance "was sufficient to warrant dismissal of the claims against the . . . defendants" based on failure to exhaust administrative remedies).

While the court is to construe pro se filings liberally, Mr. Thomas still must comply with the Rule 56 requirements when opposing summary judgment. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (while a court must construe pro se filings liberally, this "liberal treatment is not without limits, and this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (Internal quotations and citations omitted)). Mr. Thomas did not provide any evidence to controvert Mr. Bieler's evidence, but only made several unsworn allegations in his response that he did file an appeal in April 2005 and that he did not receive a response from the Secretary. The court finds this insufficient to controvert Defendant Bieler's showing that Mr. Thomas did not file an appeal with the Secretary of Corrections before filing the suit before this court.[1] *See Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 675 (10th Cir. 2002) ("Conclusory allegations made by a non-movant will not suffice. Instead, sufficient evidence (pertinent to the material issue) must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein."). Furthermore, Mr. Thomas's appeal filed on August 4, 2006, after the court's Order to Show Cause is insufficient to meet the requirements of the PLRA because it was

---

[1] The court also reviewed Mr. Thomas's complaint, a signed and sworn document, to see if it provided evidence that controverted Mr. Bieler's contention that an appeal was not filed with the Secretary of Corrections. As discussed in the Material Facts section, he does not allege that he appealed to the Secretary of Corrections, nor that he did not receive a response. Instead, as related to the administrative exhaustion, he only explained that the administrative process "could not bring a resolution because of the pending litigation in criminal court" so the administrative remedies could not meet his formal request for relief. In so doing, he referred to the grievance he filed with the unit team leader and the response which he then filed with the warden, but nowhere does he mention a filing with the Secretary of Corrections.

filed after filing this suit. *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (under PLRA, all available administrative remedies must be exhausted, and "exhaustion is a *prerequisite* to suit" (emphasis added)). It also was not a "proper exhaustion" because it was not timely filed under the procedural administrative rules, so it did not meet the requirements for exhaustion under the PLRA. *See Jones*, 549 U.S. at 922.

Accordingly, the court grants Mr. Bieler's Motion for Summary Judgment as Mr. Thomas has provided no evidence showing a genuine issue of material fact regarding his failure to exhaust administrative remedies. As a result, Mr. Bieler is entitled to judgment as a matter of law based on Mr. Thomas's failure to exhaust those administrative remedies before filing suit in this federal court.

**IT IS HEREBY ORDERED** that Mr. Bieler's Motion for Judgment on the Pleadings (doc. # 37) is GRANTED IN PART and DENIED IN PART. Mr. Thomas's Motion to Dismiss (doc. # 48) is DENIED as moot. Mr. Bieler's Motion for Summary Judgment (doc. # 45) based on Mr. Thomas's failure to exhaust administrative remedies is GRANTED.

**IT IS SO ORDERED.**

Dated this 19th day of May, 2008.

_____
John W. Lungstrum
United States District Judge